IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy McNeal. #95525-020,<br><br>      Plaintiff,<br><br>vs.<br><br>Ms. J. Hutchinson; Mr. C. Nevils; Mr. Glenn; Ms. Lanham; Ms. Necomb; Ms. V. Martin; Mr. Taylor; and Ms. Johnson,<br><br>      Defendants. | C/A No. 2:21-cv-3431-JFA-MGB<br><br><br>**OPINION AND ORDER** |

### I. INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (hereinafter "*Bivens*"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge reviewed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 33) filed by Defendants Ms. J. Hutchinson, Mr. C. Nevils, Mr. Glenn, Ms. Lanham, Ms. Necomb, Mr. Taylor, Ms. Johnson, and Ms. V. Martin, and Plaintiff's cross Motion for Summary Judgment (ECF No. 40).

After reviewing both motions for summary judgment and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that summary judgment should be granted as to Defendants' motion and Plaintiff's motion be denied. (ECF No. 46). The Report sets

1

forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on October 4, 2022, to which Defendants replied on October 18, 2022. (ECF Nos. 50 & 51). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 46). Although most of Plaintiff's objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the Court will attempt to address Plaintiff's specific arguments.

Initially, Plaintiff takes issue with the Magistrate Judge's determination that he has failed to exhaust his claims concerning deficient nutrition/water quality along with claims

3

arising from the alleged confiscation of Plaintiff's medical shoes, other than as it relates to Plaintiff's Eight Amendment medical treatment claims.

Despite his displeasure with this determination, Plaintiff later states that the "water and nutrition [claims] can be dismissed." (ECF No. 50, p. 7). Thus, the Court will affirm this portion of the Report without objection.

Additionally, Plaintiff repeatedly states that his claims pertaining to his medical shoes have been exhausted because "medical shoes are clearly part of his medical care." (ECF No. 50, p. 7). A review of the Report indicates that the Magistrate Judge agrees with Plaintiff on this point. Plaintiff appears to misinterpret this portion of the Report. The Report indicates that those claims related only to the confiscation of Plaintiff's shoes (*i.e.*, his Fourth Amendment claims) are to be dismissed for failure to exhaust, but any Eighth Amendment claim based on failure to provide medically necessary shoes has been exhausted. Thus, Plaintiff's objection misses the mark and is therefore overruled.

Next, Plaintiff generally objects to the Report's recommendation not to extend *Bivens* to cover Plaintiff's lone remaining Eighth Amendment claim for deliberate indifference to serious medical needs.

A review of the Report shows that the Magistrate Judge performed a thorough review of the law pertaining to *Bivens* and the ability to extend its remedial grant to Plaintiff's claims. (ECF No. 46, p. 12-17). After performing a review of recent Supreme Court precedent and borrowing heavily from the analogous case of *Washington v. Fed. Bureau of Prisons*, No. 5:16-cv-3913-BHH, 2022 WL 3701577, the Magistrate Judge determined that Plaintiff's *Bivens* claims arise in a new context and there are sound reasons

4

for this court to defer to Congress rather than create an implied damages remedy. Thus, the Court is constrained to decline to extend the *Bivens* remedy to Plaintiff's Eighth Amendment claim and grant Defendants' summary judgment on this basis.

In his objections, Plaintiff concedes that in applying the Supreme Court ruling in *Egbert v. Boule*, 142 S. Ct. 1793(2022), his "claims here implicate a new context as to Eighth Amendment deliberate indifference theory." (ECF No. 50, p. 8). However, Plaintiff attempts to differentiate his claims from those presented in *Washington* and instead analogize them to those Eight Amendment claims allowed in *Carlson v. Green*, 446 U.S. 14 (1980) (wherein a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma, which failure led to the prisoner's death).

Essentially, Plaintiff avers that his medical conditions were emergent and life threatening, similar to those presented in *Carlson*. Specifically, Plaintiff avers that indifference to his medical needs "could cause ulcers and acids that could terminate his life." (ECF No. 50, p. 8). Apart from his bare assertion that his condition constitutes a medical emergency, Plaintiff has failed to support his claims with any evidence. Moreover, Plaintiff's own statements belie this assertion. Within his objections, Plaintiff avers that he has lived with this condition for "years." Accordingly, the Magistrate Judge was correct in relying on *Washington* wherein the court held that "Plaintiff's *Bivens* claims do not involve a medical emergency, as did *Carlson*, but rather focus on a <u>long term and ongoing course of medical treatment</u> of Plaintiff's chronic, non-fatal condition." *Washington v. Fed. Bureau of Prisons,* No. CV 5:16-3913-BHH, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022)(emphasis added). Consequently, Plaintiff's objections relating to the Magistrate

Judge's recommendation to the Court to decline to extend the *Bivens* remedy to Plaintiff's Eighth Amendment claim are overruled.

Although the decision not to extend *Bivens* is dispositive of the issues, the Magistrate Judge went on to state that in "the alternative, should the Court find a *Bivens* remedy exists here, the undersigned recommends Plaintiff's Eighth Amendment claim fails on the merits." (ECF No. 46, p. 17).

In his objections, Plaintiff argues that the Magistrate Judge was "clearly wrong" and that she "missed evidence." (ECF No. 50, p. 10). He further argues that the non-medical personnel "were in fact in an Official position to question Medical staff or to make sure whether the Plaintiff's rights were being denied or if he in fact was receiving medical care at all, which never happened." *Id*.

However, the Court agrees with Defendants that Plaintiff fails to identify any facts that the Magistrate Judge allegedly missed. Moreover, the assertions that Defendants were in an official position to question medical staff and to make sure Plaintiff's rights were not being denied and that he received medical care, are official capacity claims. Plaintiff cannot bring a Bivens claim against a federal official in his or her official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] Bivens action does not lie against either agencies or officials in their official capacity."). Accordingly, Plaintiff's objections are overruled.

Plaintiff's objections also contain new arguments presented for the first time. Specifically, Plaintiff contends that he is asserting a tort claim pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 50, p. 8, 10). Second, Plaintiff asserts that his medical problems did not start on August 7, 2019, "but years before." *Id*. at 5, 6, 7.

6

Initially, Plaintiff fails to offer any factual support for either of these claims. Ultimately, however, the court need not decide this issue as Plaintiff waived the argument by failing to raise it before the magistrate judge. "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017).

Even if this Court were to consider these new arguments, the Court agrees with Defendants that each lacks merit. First, regarding his contention that he is asserting an FTCA claim, Plaintiff only asserts *Bivens* claims in his Complaint. Consequently, it appears that Plaintiff is trying to amend the Complaint through his Objections to the Report. However, a complaint may not be amended by a brief in opposition to a magistrate judge's report and recommendation. *See Graham v. South Carolina*, No. 6:21-cv-00769-TMC, 2021 WL 4483036, at n.4 (D. S.C. Sept. 30, 2021). This conclusion applies equally to the extent Plaintiff is attempting to amend his allegations to assert that his claims arose prior to August 7, 2019.

Therefore, Plaintiff's objections must be overruled. In addition to Plaintiff's specific objections, the Court has conducted a review of those portions of the Report that were not objected to. Upon full review of the Report, the Court finds no error.

IV.    **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 46). For the reasons discussed above and in the Report,

Defendants' motion for summary judgment (ECF No. 33) is granted and Plaintiff's motion for summary judgment (ECF No. 40) is denied. Accordingly, this action is dismissed.[1]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 1, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] For the foregoing reasons, Plaintiff's Eighth Amendment claim are dismissed with prejudice. Having found Plaintiff failed to exhaust any other constitutional claims alleged in the Complaint, those remaining claims are dismissed without prejudice. *See, e.g., Duckett v. Fuller*, No. 6:13-cv-01079-JMC, 2013 WL 6181417, *3 (D.S.C. Nov. 22, 2013) (finding that a dismissal for failure to exhaust administrative remedies is generally without prejudice).